UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN KIRBY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-11 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Stevenson Unit in Cuero, Texas. Proceeding *pro se,* he filed a habeas petition pursuant to 28 U.S.C. §§ 2241, 2254 challenging his 2014 Nueces County convictions. (D.E. 1, at 2).

Pending is Petitioner's "Motion to Request Counsel under Criminal Justice Act (CJA)." (D.E. 9). This Motion is **DENIED**. Petitioner mistakenly believes he is entitled to the appointment of counsel in this case. There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott,* 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore **ORDERED** that Petitioner's Motion is **DENIED** without prejudice. (D.E. 9).

ORDERED this 20th day of June, 2019.

Jason B. Libby
United States Magistrate Judge